IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD LANSBURY, *et al*, | ) | CASE NO. 1:23CV01937 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CITY OF ASHTABULA, OHIO, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | |

This matter is before the undersigned on consent of the parties, entered January 25, 2024. (Doc. No. 8)  Currently pending before the Court is the Joint Motion to Dismiss Case and Approve Settlement Agreement, which seeks the Court's approval of a settlement agreement resolving Plaintiffs' claims filed under the Fair Labor Standards Act ("FLSA").  (Doc. No. 17)  For the reasons that follow, the proposed Settlement is APPROVED and the Motion for Approval (Doc. No. 17) is GRANTED as set forth herein.

## I.  PROCEDURAL HISTORY

This action was originally commenced on October 3, 2023, by Plaintiffs Donald Lansbury, Abigail Volpi-Hamper, Brittany Brantley, and Deb Gambill, for damages relating to Defendants' alleged violations of the FLSA and state overtime laws.  (Doc. No. 1)  Plaintiffs are dispatchers for the Ashtabula Police Department. (*Id.*) They are employed by Defendant City of Ashtabula an Ohio Municipality located in Ashtabula County. (*Id.*) Plaintiffs sought to recover overtime pay alleged to have been earned by them and owed to them by Defendants.  (*Id.*) On March 12, 2024, the parties

notified the Court that they had reached an agreement. (Doc. No. 16) On April 16, 2024, the parties filed a Joint Motion to Dismiss the Case and Approve Settlement Agreement. (Doc. No. 17)

## II.     STANDARD OF LAW

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,1352–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *See Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to Section 16(b) of the FLSA. *Id*.

As explained in a decision from this District, the following considerations apply in review of proposed FLSA settlements:

> In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La.2000) (further citation omitted)). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford,* 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

*Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637 at * 2 (N.D. Ohio June 9, 2014); *See also Edwards v. City of Mansfield*, 2016 WL 2853619 at * 3 (N.D. Ohio May 16, 2016); *Bradford v. Legacy Health Services*, 2014 WL 7185453 at * 2 (N.D. Ohio Dec. 16, 2014); *Pittman v. Things Remembered*, 2014 WL 5073764 at * 2 (N.D. Ohio October 8, 2014); *Gentrup v. Renovo Services, L.L.C*, 2011 WL 2532922 at * 2–3 (S.D. Ohio June 24, 2011); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 at * 5–6 (N.D. Ohio March 8, 2010); *Crawford v. Lexington–Fayette Urban County Government*; 2008 WL 4724499 (E.D. Ky. October 23, 2008). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922 at * 3.

### III. ANALYSIS

Upon careful review, the Court finds the pleadings and motions demonstrate the instant action presents a bona fide dispute. Plaintiffs allege Defendant violated the FLSA and Ohio wage laws because it failed to pay them overtime pay owed to them for work performed during a three-year period between 2020-2023. (Doc. No. 1 at 2,4)  Defendant denies Plaintiffs' allegations and asserts it did not willfully or intentionally violate the law. (Doc. No. 5)  The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

The Court further finds the majority of the terms of the settlement agreement are fair and reasonable. In this regard, the Court notes the settlement was the product of arms-length negotiations between parties that were represented by capable and experienced counsel. Indeed, both Plaintiffs' and Defendant's counsel believe the proposed overall settlement amount is fair and reasonable, which weighs in favor of approving the total settlement amount. *See Gentrup*, 2011 WL 2532922 at * 3.

3

Additionally, the Court observes that, given the factual and legal complexity of the case, there is no guarantee Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that Plaintiffs will receive compensation for the alleged violations at issue. As one court in this District has found, "the certainty and finality that comes with settlement also weighs in favor of" approving a fair and reasonable settlement. *Dillworth*, 2010 WL 776933 at * 6. Moreover, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation. *Id. See also Crawford*, 2008 WL 4724499 at * 9.

Finally, as set forth in the parties' Joint Motion for Approval of Settlement Agreement, Defendant has agreed to a total settlement payment of $70,462.00 which includes back-pay and liquidated damages to each of the four Plaintiffs', as well as attorneys' fees and litigation expenses. (Doc. No. 7-2 at 2.) The Court finds the award reasonable taking into account the complexity of the case and the fact that a settlement was reached early in the litigation.

## IV.   CONCLUSION

Accordingly, and for all of the foregoing reasons, the Court GRANTS the Parties' Joint Motion to Dismiss and Approve Settlement Agreement (Doc. No. 17) and APPROVES the parties' proposed settlement agreement. The claims in Plaintiffs' complaint are dismissed with prejudice and the case is closed. The Court retains jurisdiction to enforce the terms of the settlement agreement.

 *s/Jonathan D. Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

Date: April 18, 2024